IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERENCE FEURY : | |
| : | |
| v. : | |
| : | |
| PROVCO VENTURES I, L.P. : | NO. 09-1341 |
| and : | |
| PROVCO, LLC : | |
| and : | |
| VILLANOVA 789 LANCASTER : | |
| ASSOCIATES, LLC : | |
| and : | |
| MAIA, LLC : | |
| : | |

BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR SANCTIONS AGAINST DEFENDANT
VILLANOVA 789 LANCASTER ASSOCIATES, LLC

I.   INTRODUCTION

Plaintiff, Terence Feury ("Plaintiff") files the within motion for sanctions against Defendant Villanova 789 Lancaster Associates, LLC ("Villanova") for its failure to appear for deposition. In support of this Motion Plaintiff relies upon the Affidavit of his attorney, Brett A. Datto, Esquire incorporated by reference herein. Plaintiff seeks sanctions in the form of a default judgment rendered against Villanova, or in the alternative, an Order compelling Villanova to appear for deposition and a stay of further proceedings until the order is obeyed. Plaintiff also seeks attorneys fees incurred as a result of this motion.

II.   STATEMENT OF FACTS

Plaintiff's action arises from the breach of his Employment Agreement ("Agreement") entered with Villanova on May 2, 2007. (Exhibit "A" to the Certification of Brett A. Datto, Esq.). Pursuant to the Agreement, Villanova agreed to employ Plaintiff as the Co-executive chef of a restaurant known as Maia located in Villanova, PA which since closed operations. Scott

Morrison (Morrison) signed the Agreement as "Pres" of Villanova. On November 24, 2009, Villanova filed its Answer to Plaintiff's Amended Complaint alleging, for the first time, that Morrison did not have the authorization to enter the Employment Agreement on Villanova's behalf. (Exhibit "B" to Certification of Brett A. Datto, Esq.).

Plaintiff has attempted to depose a corporate designee of Villanova but Villanova has failed to appear for a rescheduled deposition. Plaintiff's ability to pursue its action against Villanova and the other named Defendants is significantly prejudiced by Villanova's failure to produce a representative for deposition. Plaintiff, therefore seeks sanctions pursuant to Fed.R.Civ.P. 37(d).

### III. PROCEDURAL HISTORY

On March 27, 2009 Plaintiff filed his Complaint against Defendants The Provco Group, Ltd, Villanova 789 Lancaster Associates, LLC, and Maia, LLC. An Amended Complaint was filed on May 13, 2009 adding Provco Ventures I, L.P. and Provco LLC as Defendants. The Provco Group, Ltd. was voluntarily dismissed from the action on June 1, 2009. Plaintiff's Amended Complaint sets forth claims against Villanova for Breach of Contract and violations of the Employment Retirement Income Security Act (ERISA).

Scott R. Reidenbach, Esquire entered his appearance on behalf of Villanova on May 14, 2009. However, Villanova did not file its Answer to the Amended Complaint until November 24, 2009, after Plaintiff filed a Request for Entry of Default that same day. In its Answer to the Amended Complaint, Villanova asserted, for the first time, that Scott Morrison "did not have the authorization" of Villanova to enter the Employment Agreement. Discovery regarding this issue, therefore, is essential to Plaintiff's claim.

2

A Rule 16 conference was held before the Honorable J. Curtis Joyner on August 4, 2009 and on August 7, 2009 his Honor entered a Scheduling Order in this matter stating that: all discovery shall be "served, notice and completed by December 4, 2009." The parties have since entered a Stipulation to Extend the Scheduling Order Deadlines by thirty (30) days. The Stipulation was entered as an Order on December 11, 2009.

On November 25, 2009, Plaintiff served a Notice of Deposition on Mr. Reidenbach for a corporate designee of Villanova 789 Lancaster Associates, LLC to appear for deposition on December 7, 2009. (Exhibit "C" to Certification of Brett A. Datto, Esq.). The deposition was rescheduled for December 9, 2009 and on December 4, 2009, Plaintiff served a revised Notice of Deposition on Mr. Reidenbach reflecting same. (Exhibit "D" to Certification of Brett A. Datto, Esq.).

In the meantime, Villanova failed to make its required Rule 26 Disclosures or respond to Plaintiff's First Set of Interrogatories and First Set of Request for Production of Documents directed to Villanova 789 Associates, LLC. Therefore, on December 4, 2009, Plaintiff filed a Motion to Compel Disclosures and Discovery against Villanova. As a result of the motions, the Honorable J. Curtis Joyner held a telephone status conference, however, an Order addressing the motion to compel has not yet been entered by the Court.

While Villanova has produced Plaintiff's employee file, to date, it has failed to respond in writing to each document request as required by Rule 34(b)(2), has failed to respond in writing to each interrogatory as required by Rule 33(b)(3), and has failed to respond to Plaintiff's Request for Admissions as required by Rule 36(4). Without discovery responses from Villanova, Plaintiff was unable to proceed with the December 9, 2009 deposition. The deposition therefore, was rescheduled for January 27, 2010 and Plaintiff re-issued an Amended Notice of Deposition

for this date (Exhibit "E" to Certification of Brett A. Datto, Esq.). Despite the issued Notice of Deposition a corporate designee of Villanova failed to appear for deposition on January 27, 2010. Villanova has not filed a motion for protective order to preclude the deposition of its corporate designee but merely chose not to appear.

### IV.  LEGAL ARGUMENT

Pursuant to Federal Rule of Civil Procedure 30(a)(1): "a party may, by oral questions depose any person, including a party, without leave of court." In its notice of deposition, a party may name as the deponent an entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Fed.R.Civ.P. 30(b)(6). Plaintiff has attempted to take the deposition of a designated representative of Villanova since November 2009 when he served his first Notice of Deposition on the Defendant. Due to Villanova's failure to provide discovery responses, Plaintiff was unable to take a productive deposition and rescheduled it for January 27, 2010. Plaintiff issued an Amended Notice of Deposition and served in on Villanova reflecting the January 27th date. Villanova, however failed to appear for the noticed deposition.

Pursuant to Fed.R.Civ.P. 37(d)(1)(A)(i) the court may, on motion, order sanctions if :

> (i)  a party or party's officer, director, or managing agent – or person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition…

The sanctions requested, pursuant to Fed.R.Civ.P. 37(d)(3), may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi) which are:

      (ii)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

      (iii)    striking pleadings in whole or in part

      (iv)    staying further proceedings until the order is obeyed

      (vi)    rendering a default judgment against the disobedient party.

It is well established that district courts have discretionary authority to determine the appropriate sanction for a particular case and to impose severe sanctions in cases it deems appropriate. *Coastal Mart, Inc. v. Johnson Auto Repair, Inc.*, 196 F.R.D. 30, 33 (E.D.Pa. 2000). Dismissals with prejudice or default judgments are drastic sanctions to be reserved for extreme cases in which there is no effective alternative. *Id.* (citing to *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3rd Cir. 1984). The Court of Appeals for the Third Circuit has established a set of factors to guide a court in deciding whether to impose sanctions that decide issues of a case. Those factors are: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. *Id.* These are simply factors for a district court to consider and not all of these factors need to be met for a district court to find dismissal warranted. *Id.*

A party cannot escape responsibility for refusing to allow him or herself to be deposed. *Id.* Villanova has failed to provide any explanation as to why it has ignored Plaintiff's Notice of Deposition and failed to appear. As in *Coastal*, Plaintiff has been required to seek Orders of this Court to compel response to every discovery request it has made, as well as having to file a

5

request for entry of default to prompt Villanova to file an Answer to the Complaint. There is no evidence to suggest that the Villanova has been and continues to be unaware of its obligations with respect to the issues raised here and has not given their approval, tacitly or otherwise, for the conduct of the counsel. *Id.* Villanova, therefore is personally responsible for its failure to respond to discovery and appear for deposition.

Plaintiff is dependent upon the testimony of Villanova since Villanova is the party with whom he entered an Employment Contract and Villanova is the party who terminated him in violation of the contract. Moreover, Villanova claims Scott Morrison, who signed the Employment Agreement on Villanova's behalf, did not have the authority to enter the Agreement. Plaintiff has been unable to obtain the deposition of Mr. Morrison further aggravating its discovery efforts in this matter and a motion has been filed to compel his deposition. Villanova's failure to appear for deposition and failure to respond to Plaintiff's other discovery requests will prejudice Plaintiff in this matter.

The history of this case reflects Villanova's pattern of dilatoriness beginning with its failure to Answer the Amended Complaint until Plaintiff requested default, followed by its continued failure to provide discovery responses despite Plaintiff's motion and a telephone conference with Judge Joyner, and lastly Villanova's failure to appear for deposition. Villanova's disregard of the Court's rules and procedures warrant such a severe sanction. This history further evidences Villanova's willful conduct.

In determining the appropriate sanction to impose, district courts are advised to seek the most direct route that is preferable and to avoid compelling an innocent party to bear the brunt of its counsel's dereliction. *Id.* at 34. Where a party violates Court Orders and Court imposed deadlines and has violated the rules of discovery, a sanction of dismissal or default judgment is

appropriate. Here, Villanova, has ignored the Court's Rules regarding discovery, has not been influenced by the Court's involvement and telephonic status conference, and has been dilatory since the inception of this action. It is unlikely that a Court Order and stay of proceedings will make a difference in Villanova's conduct. Therefore, Plaintiff respectfully requests this Honorable Court enter an Order entering default judgment against Villanova. If, however, the Court disagrees with Plaintiff's position, Plaintiff requests an Order be entered compelling Villanova's representative to appear for deposition and staying further proceedings until Villanova's deposition is taken.

## IV. CONCLUSION

For all the foregoing reasons, in addition to attorneys fees and costs incurred in filing the within motion, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion for Sanctions and enter default judgment against Defendant Villanova 789 Lancaster Associates LLC or in the alternative enter an Order compelling a designated representative to appear for deposition and staying further proceedings until the deposition is taken.

CIPRIANI & WERNER, P.C.

BY: /s/ Brett A. Datto
BRETT A. DATTO, ESQUIRE
450 Sentry Parkway
Suite 200
Blue Bell, PA 19422
(610)567-0700
bdatto@c-wlaw.com
*Attorneys for Plaintiff, Terence Feury*

Dated: March 3, 2010

7