IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERENCE FEURY :<br><br>v. :<br><br>PROVCO VENTURES I, L.P. :<br>and :<br>PROVCO, LLC :<br>and :<br>VILLANOVA 789 LANCASTER :<br>ASSOCIATES, LLC :<br>and :<br>MAIA, LLC :<br>: | NO. 09-1341 |

CERTIFICATION OF BRETT A. DATTO, ESQUIRE
IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS
AGAINST DEFENDANT VILLANOVA 789 LANCASTER ASSOCIATES, LLC

Brett A. Datto, Esquire of full age, hereby certifies and states as follows:

1. I am an attorney at law admitted to practice in the United States District Court for the Eastern District of Pennsylvania and a partner in the law firm of Cipriani & Werner, P.C., attorneys for Plaintiff, Terence Feury in the above captioned matter. I am fully familiar with the facts set forth in this Certification and submit this Certification in support of Plaintiff's Motion for Sanctions against Defendant Villanova 789 Lancaster Associates, LLC.

2. Plaintiff, Terence Feury ("Plainiff"), is an individual residing in Malvern, Pennsylvania.

3. Defendant Villanova 789 Lancaster Associates, LLC ("Villanova") is a Pennsylvania Limited Liability Company with its principal place of business located in Rosemont, Pennsylvania.

4. On May 2, 2007, Plaintiff and Villanova entered into a written Employment Agreement whereby Villanova agreed to employ Plaintiff as the Co-Executive chef of a

restaurant known as "Maia"[1] located in Villanova, Pennsylvania. Scott Morrison signed the Employment Agreement on behalf of Villanova, identifying himself as "Pres." A true and correct copy of the Employment Agreement is attached hereto as Exhibit "A."

5. Plaintiff's action arises from Employer's breach of the Employment Agreement.

6. On March 27, 2009 Plaintiff filed his Complaint against Defendants The Provco Group, Ltd, Villanova 789 Lancaster Associates, LLC, and Maia, LLC. An Amended Complaint was filed on May 13, 2009 adding Provco Ventures I, L.P. and Provco LLC as Defendants. The Provco Group, Ltd. was voluntarily dismissed from the action on June 1, 2009.

7. Plaintiff's Amended Complaint sets forth claims against Villanova for Breach of Contract and violations of the Employment Retirement Income Security Act (ERISA).

8. On May 14, 2009, Scott R. Reidenbach, Esquire entered his appearance on behalf of Villanova. However, Villanova did not file its Answer to the Amended Complaint until November 24, 2009, after Plaintiff filed a Request for Entry of Default.

9. In its Answer to the Amended Complaint, Villanova asserted, for the first time, that Scott Morrison "did not have the authorization" of Villanova to enter the Employment Agreement. Discovery regarding this issue, therefore, is essential to this matter.[2] A true and correct copy of Villanova's Answer is attached hereto as Exhibit "B."

10. On August 4, 2009 a Rule 16 conference was held before the Honorable J. Curtis Joyner and on August 7, 2009 his Honor entered a Scheduling Order in this matter stating that: all discovery shall be "served, notice and completed by December 4, 2009." The parties have since entered a Stipulation to Extend the Scheduling Order Deadlines by thirty (30) days.

---

[1] Maia has since closed operations.

[2] Despite repeated attempts, Plaintiff has been unable to take Mr. Morrison's deposition and has filed a separate Motion to Compel the Deposition of Scott Morrison.

2

11. Pursuant to Federal Rule of Civil Procedure 30(a)(1): "a party may, by oral questions depose any person, including a party, without leave of court."

12. In its notice of deposition, a party may name as the deponent an entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Fed.R.Civ.P. 30(b)(6).

13. On November 25, 2009, I served a Notice of Deposition on Mr. Reidenbach for a corporate designee of Villanova 789 Lancaster Associates, LLC to appear for deposition on December 7, 2009. A true and correct copy of the correspondence and Notice is attached hereto as Exhibit "C."

14. The deposition was rescheduled for December 9, 2009 and on December 4, 2009, I sent a revised Notice of Deposition to Mr. Reidenbach reflecting same. A true and correct copy of the correspondence and revised notice is attached hereto as Exhibit "D."

15. In the meantime, Villanova failed to make its required Rule 26 Disclosures or respond to Plaintiff's First Set of Interrogatories and First Set of Request for Production of Documents directed to Villanova 789 Associates, LLC. Therefore, on December 4, 2009, I filed a Motion to Compel Disclosures and Discovery against Villanova. As a result of the motions, the Honorable J. Curtis Joyner held a telephone status conference. However, an Order addressing the motion to compel has not yet been entered by the Court.

16. While Villanova has produced Plaintiff's employee file, to date, it has failed to respond in writing to each document request as required by Rule 34(b)(2), has failed to respond

in writing to each interrogatory as required by Rule 33(b)(3), and has failed to respond to Plaintiff's Request for Admissions as required by Rule 36(4).

17. Without discovery responses from Villanova, Plaintiff was unable to proceed with the December 9, 2009 deposition. The deposition therefore was rescheduled for January 27, 2010. A true and correct copy of the Amended Notice of Deposition is attached hereto as Exhibit "E."

18. Despite the issued Notice of Deposition a corporate designee of Villanova failed to appear for deposition on January 27, 2010. Villanova has not filed a motion for protective order to preclude the deposition of its corporate designee.

19. Pursuant to Fed.R.Civ.P. 37(d)(1)(A)(i) the court may, on motion, order sanctions if:

> (i) a party or party's officer, director, or managing agent – or person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition…

20. Pursuant to Fed.R.Civ.P. 37(d)(3), sanctions requested may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Said sanctions include:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part
>
> (iv) staying further proceedings until the order is obeyed
>
> (vi) rendering a default judgment against the disobedient party.

21. Rule 37(d)(3) also provides that "instead of or in addition to" the above mentioned sanctions, the "court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure…"

4

22. Pursuant to Fed.R.Civ.P. 37(a)(1), a party may move for an order compelling disclosure or discovery on notice to other parties and all affected persons.

23. I have, in good faith, conferred with Mr. Reidenbach to take his client's deposition without court action. However, such efforts have been unsuccessful and Villanova has failed to appear for deposition.

24. After reasonable effort, the parties are unable to resolve this dispute.

25. Plaintiff respectfully requests, pursuant to Fed.R.Civ.P. 37(d), that an Order be entered rendering a default judgment against Defendant Villanova 789 Lancaster Associates, LLC.

26. In the alternative, Plaintiff respectfully requests this Honorable Court enter an Order, pursuant to Fed.R.Civ.P. 37(a)(1), compelling a corporate designee of Villanova to appear for deposition to testify on the following subjects as set forth in Schedule "A" of the Amended Notice of Deposition:

   1. The corporate structure of your organization;
   2. The business purpose of your organization and its relationship, if any, to the other named parties in this case;
   3. The circumstances involved with the hiring of Plaintiff as a chef at Maia;
   4. The circumstances under which Plaintiff's employment contract came into existence;
   5. Plaintiff's employment; and,
   6. Plaintiff's termination.
   7. Relationship to Scott Morrison.

and, pursuant to Fed.R.Civ.P. 37(d)(3), to stay further proceedings until the Order is obeyed.

27. Plaintiff further respectfully requests, pursuant to Fed.R.Civ.P. 37(d)(3) that he be awarded attorneys fees and expenses incurred in making this Motion. The Motion was prepared on my behalf by my associate, Silvia M. Ferri, Esquire. Her hourly rate is $200.00. She has spent two and a half hours (2-½) hours reviewing the file, researching the applicable Federal and

Local Rules and case law, and drafting the motion. As such, Plaintiff requests an award of attorney fees in the amount of $500.00.

CIPRIANI & WERNER, P.C.

BY: _____
BRETT A. DATTO, ESQUIRE
450 Sentry Parkway
Suite 200
Blue Bell, PA 19422
(610)567-0700
bdatto@c-wlaw.com
*Attorneys for Plaintiff, Terence Feury*

Date: March 3, 2010