IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERENCE FEURY,<br>    Plaintiff<br>    v.<br>PROVCO VENTURES I LP,<br>PROVCO LLC,<br>VILLANOVA 789 LANCASTER<br>ASSOCIATES, LLC, and<br>MAIA LLC,<br>    Defendants. | CIVIL ACTION<br><br>No. 09-CV-1341 |

## RESPONSE BY PROVCO VENTURES I, L.P., AND PROVCO, LLC TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT, VILLANOVA 789 LANCASTER ASSOCIATES, LLC

Plaintiff's Motion for Sanctions Against Defendant, Villanova 789 Lancaster Associates, LLC ("Villanova 789"), is not directed to Co-Defendants, Provco Ventures I, L.P., and Provco, LLC. Nevertheless, Provco Ventures I, L.P., and Provco, LLC, briefly respond to Plaintiff's Motion as set forth herein.

Plaintiff's Motion is premised on alleged prejudice resulting from Villanova 789's failure to respond to written discovery and produce a corporate designee for deposition pursuant to Rule 30(b)(6). What Plaintiff fails to state in his motion is that the corporate designee of Villanova 789 with knowledge concerning the topics for the Rule 30(b)(6) deposition is Scott Morrison. Mr. Morrison, as Plaintiff notes in his motion papers, has been unable to appear for deposition due to an automobile accident and other personal complications. In fact, counsel for Plaintiff was specifically advised at the January 27, 2010 deposition of Jerry Holtz that Scott Morrison would be Villanova 789's corporate designee for the subject matter identified in Plaintiff's deposition notice. See J. Holtz deposition transcript, at 6-7, Exhibit "A" hereto.

676728.1 3/19/10

Mr. Morrison's personal circumstances are matters beyond the control of Villanova 789. There is no suggestion that Villanova 789 has induced Mr. Morrison to evade his responsibility to appear for deposition. Accordingly, Plaintiff's request for the imposition of sanctions against Villanova 789 should be denied by the Court.

To the extent that Plaintiff seeks an Order requiring Villanova 789 to produce a corporate designee for deposition (i.e., Scott Morrison), Co-Defendants, Provco Ventures I, L.P., and Provco, LLC, do not object.

Respectfully submitted,

By: */s/ David R. Moffitt*
David R. Moffitt, Esquire
Saul Ewing LLP
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087-5569
(610) 251-5758

*Attorney for Defendants,
Provco Ventures I, LP, and Provco LLC*

Dated: March 19, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERENCE FEURY,<br>    Plaintiff<br>    v.<br>PROVCO VENTURES I LP,<br>PROVCO LLC,<br>VILLANOVA 789 LANCASTER<br>ASSOCIATES, LLC, and<br>MAIA LLC,<br>    Defendants. | CIVIL ACTION<br><br>No. 09-1341 |

## CERTIFICATE OF SERVICE

I, David R. Moffitt, Esquire, hereby certify that on this 19th day of March, 2010, I caused to be served a true and correct copy of the Response by Provco Ventures I, L.P., and Provco, LLC, to Plaintiff's Motion for Sanctions Against Defendant, Villanova 789 Lancaster Associates, LLC, upon counsel for Plaintiff, Terence Feury, and Defendant, Villanova 789 Lancaster Associates, LLC, as follows:

>*Via Electronic and U.S. Mail, Postage Prepaid*
>Brett A. Datto, Esquire
>CIPRIANI & WERNER
>Suite 200
>450 Sentry Parkway
>Blue Bell, PA 19422
>*Attorney for Plaintiff, Terence Feury*
>
>Scott R. Reidenbach, Esquire
>150 North Radnor Chester Road
>Suite F200
>Radnor, PA 19087
>*Attorney for Villanova 789 Lancaster Associates, LLC*

>    /s/ David R. Moffitt
>    David R. Moffitt, Esquire

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
- - -

TERENCE FEURY :
 :
 Plaintiff (s):
 :
 vs. :
 :
THE PROVCO GROUP, :
LTD., VILLANOVA :
789 LANCASTER :
ASSOCIATES, LLC :
MAIA, LLC :
 :
 Defendant (s): NO. 09-1341
- - -

  Oral Deposition of JERRY HOLTZ,
taken pursuant to notice, held at
Saul Ewing, 1200 Liberty Ridge Drive, Suite
200, Wayne, Pennsylvania on
January 27, 2010, beginning at
approximately 9:45 a.m., before Michelle
Palys, Court Reporter-Notary Public, there
being present.

- - -

KAPLAN, LEAMAN AND WOLFE
Registered Professional Reporters
Constitution Place
325 Chestnut Street, Suite 909
Philadelphia, Pennsylvania 19106
(215) 922-7112

```
 1                    - - -
 2            (Whereupon, P-1 and P-4 were
 3    marked for identification.)
 4                    - - -
 5            MR. DATTO:  Good morning.  This
 6    is Brett Datto, Counsel for Terence Feury
 7    in this litigation.
 8            Yesterday I learned from a
 9    conversation with Mr. Moffitt that Scott
10    Morrison would likely not be appearing for
11    his deposition today.  As a result of
12    receiving that notification, I made a
13    telephone call to Rob Grolnick who is Scott
14    Morrison's personal attorney and was
15    advised that, in fact, Mr. Morrison will
16    not be appearing for his scheduled and
17    noticed deposition today.  I had been
18    informed by Mr. Moffitt that apparently
19    Mr. Morrison was in rehab.  When I raised
20    that subject with Mr. Grolnick, I was
21    informed that Mr. Grolnick did not know
22    whether or not that statement was accurate,
23    but rather that Mr. Morrison, his
24    understanding, was in a serious automobile
```

```
 1   accident and was apparently hospitalized.
 2   I was told that Mr. Morrison would be
 3   appearing for a deposition and would be
 4   produced as soon as he is medically capable
 5   of sitting for a deposition which I've
 6   asked Mr. Grolnick to keep me informed of.
 7           I did inform Mr. Grolnick and I'm
 8   putting on the record that I am filing a
 9   motion with the Court to have him produced
10   for a deposition and that motion will be
11   filed in the next few days.
12           For the record, I'm attaching P-1
13   to the transcript which is an Amended
14   Notice of Deposition of Scott Morrison
15   dated January 6, 2010 notifying all Counsel
16   that Mr. Morrison's deposition was
17   scheduled for this morning at 9:30 a.m.
18           With respect to the defendant,
19   Villanova 789 Lancaster Associates LLC,
20   they have been noticed for their
21   deposition. I had conferred with Scott
22   Reidenbach, Villanova 789's Counsel,
23   concerning the date of this deposition.
24   While he indicated that he was on vacation
```

1  today and I believe beginning on January
2  25th and coming back tomorrow the 28th, he
3  did indicate that he would have somebody in
4  his office covering this deposition and it
5  is now 9:50, and no one has appeared on
6  behalf of Villanova 789 Associates.
7  　　　　　I'm marking and attaching to the
8  transcript P-2 which is an Amended Notice
9  of Deposition for Villanova 789 Lancaster
10 Associates that was mailed to all Counsel
11 on January 6, 2010 requiring a corporate
12 designee of Villanova 789 to be produced
13 here pursuant to Federal Rule of Civil
14 Procedure 30(b)(6).  In as much as
15 Mr. Reidenbach has not appeared nor it's my
16 understanding from speaking with Mr.
17 Moffitt that he is not producing anyone on
18 behalf of Villanova 789 for the deposition
19 here today.
20 　　　　　MR. MOFFITT:  Well, and it's my
21 understanding, Mr. Datto, it's my
22 understanding that Mr. Reidenbach intended
23 to produce Mr. Morrison as a corporate
24 designee of 789 Villanova or Villanova 789

1  Lancaster Associates, LLC. And for the
2  same reasons that Mr. Morrison is not able
3  to attend his deposition noticed in his
4  individual capacity, obviously is unable to
5  attend as a corporate designee.
6          MR. DATTO: Well, my
7  understanding in several conversations with
8  Mr. Reidenbach was that Mr. Morrison was
9  not going to be the corporate designee of
10 Villanova 789 Associates. You have
11 information to the contrary. When I file
12 my motion, I'm sure that issue will be
13 brought to the Judge's attention as far as
14 who is going to be the proper corporate
15 designee of Villanova 789.
16          Let me also state on the record
17 that I'm also filing a motion to compel --
18 strike that.
19          I have previously filed a motion
20 to compel discovery from Villanova 789. We
21 had a conference call with the Judge in
22 connection with some outstanding discovery
23 issues and as of today, January 27th, that
24 motion has not been ruled upon and a