IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERENCE FEURY,                    :
                                  :
            Plaintiff             :    CIVIL ACTION
                                  :
    vs.                           :    No. 09-cv-1341
                                  :
THE PROVCO GROUP, LTD.,           :
et al.,                           :
                                  :
            Defendants.           :

**MEMORANDUM AND ORDER**

**Joyner, J.**                                   **June 15, 2010**

Before the Court is Defendants Provco Ventures I, LP and Provco LLC's Motion for Summary Judgment (Doc. No. 38), Plaintiff's Cross-Motion for Summary Judgment (Doc. No. 42), and responses thereto (Doc. Nos. 52, 54). For the reasons set forth in this Memorandum, the Court grants summary judgment in favor of Provco Ventures I, LP and Provco LLC.

### **I. BACKGROUND**[1]

Defendants, Provco Ventures I and Provco LLC, moved for summary judgment on Count II of Plaintiff's Complaint. Count II

---

[1] In analyzing a motion for summary judgment, we view the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).

1

of the Complaint alleges tortious interference by Provco Ventures I and Provco LLC with Plaintiff's employment contract.  Count II is Plaintiff's only claim against Provco Ventures I and Provco LLC. Plaintiff Terence Feury is a chef.  On May 2, 2008, he entered into an employment agreement with Defendant Villanova 789 Lancaster Associates LLC ("Villanova") to be one of the executive chefs at Villanova's restaurant, Maia, which is wholly owned and operated by Villanova.

In December 2004, Villanova was created as a limited liability company under Pennsylvania law.  Villanova's ownership is comprised primarily by Maia LLC (49% ownership) and Provco Ventures (38% ownership) and was formed in order to hold a liquor license and to open and operate a new restaurant at 780 Lancaster Avenue, Villanova, Pennsylvania. Villanova directed the management of Maia through a Board of Managers.  The managers consisted of Maia LLC, Provco Ventures, Walter Rieker, Marcus Rieker, Caroline Rieker, Michael Wei and Patrick Feury.  Provco Ventures' representatives on the Villanova Board of Managers were Gerald Holtz and Richard Caruso.  Provco LLC is the sole general partner of Provco Ventures and has the authority to direct the management and business of Provco Ventures (collectively "Provco").

Under the terms of Plaintiff's contract, Villanova had the right to terminate the contract for cause "by written notice" and by first giving Plaintiff thirty days to cure any deficiencies. Villanova also reserved the right to terminate the contract without cause by written notice so long as Villanova paid Plaintiff his "reference compensation" within thirty days after termination. Plaintiff's contract with Villanova was for a period of one year and was to continue year to year unless terminated by either party pursuant to the terms set forth in the contract.

Due to economic trouble, Plaintiff's employment was terminated on October 29, 2008, without cause. Plaintiff alleges that Provco Ventures' representatives on the Villanova Board of Managers tortiously interfered with his contract when they advised the board that he should be fired. According to Plaintiff, he was not given any written notification about his termination, nor any compensation. The restaurant ultimately failed and closed in April 2009.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(c)(2). Material facts are those that may affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the non-moving party bears the burden of persuasion at trial, "the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden." Kaucher v. County of Bucks, 456 F.3d 418, 423 (3d Cir. 2006) (quoting Wetzel v. Tucker, 139 F.3d 380, 383 n. 2 (3d Cir. 1998)).

### III. Discussion

The Court grants Provco's Motion for Summary Judgment because Plaintiff fails to demonstrate material facts sufficient to make out a prima facie case of tortious interference.

Count II of Plaintiff's Amended Complaint asserts a claim against Provco for tortious interference with Plaintiff's employment agreement with Villanova. Plaintiff claims that

4

Provco Ventures and Provco LLC induced Villanova to terminate his employment contract and thus committed tortious interference.

In Pennsylvania, a plaintiff claiming tortious interference with an existing contract must show: (1) the existence of a contract; (2) defendant's intent to harm plaintiff by interfering with that contract; (3) that defendant's interference was without justification or privilege; and (4) damages. Acumed LLC v. Advanced Surgical Serv. Inc., 561 F.3d 199, 212 (3d Cir. 2009).

Under Pennsylvania law, a tortious interference claim may only survive summary judgment where a defendant has interfered with a plaintiff's contract with a third party. Puchalski v. Sch. Dist. of Springfield, 161 F. Supp. 2d 395, 411 (E.D. Pa. 2001); Glazer v. Chandler, 200 A.2d 416, 418 (Pa. 1964); Rutherford v. Presbyterian Univ. Hosp., 612 A.2d 500, 508 (Pa. Super. 1992). For the purposes of tortious interference, corporate agents are the same party as their parent corporation. Rutherford, 612 A.2d at 508; Curran v. Children's Serv. Ctr. of Wyo. County, 578 A.2d 8, 13 (Pa. Super. 1990). Furthermore, "a corporate entity and its agents are not distinct parties for contracting purposes." Reis v. Barley, Snyder, Senft & Cohen, LLC, 667 F. Supp. 2d 471, 496 (E.D. Pa. 2009); citing Ctr. for Concept Dev., LTD., v. Godfrey, 199 U.S. Dist. Lexis 3337 at *6-7

(E.D. Pa. Mar. 23, 1999). Therefore, a plaintiff may not claim tortious interference against an agent of a business organization who, acting within the scope of his agency, interferes with the performance of a contract between the plaintiff and the business organization because an organization "may only act through its officers, directors and agents." Id.

The parties do not dispute that Plaintiff entered into an employment agreement with Villanova to be executive chef at Villanova's new restaurant venture, Maia. However, Plaintiff's tortious interference claim ultimately fails because he cannot meet the second element of the tort which requires a defendant to have interfered with a contract intending to cause harm. See Acumed, 561 F.3d at 212. As members of Villanova's managerial board, Provco and its representatives were agents of Villanova. For this reason, Provco cannot tortiously interfere with the contract between Plaintiff and Villanova because, as a member of Villanova LLC, Provco is considered to be the same party as Villanova. See Reis, 667 F. Supp. at 496; Rutherford, 612 A.2d at 508; Curran, 578 A.2d at 13. Though Plaintiff does not dispute that his contract was with Villanova, he claims Villanova was a third party to the contract because Provco was not a named party. However, agents of a larger corporate body are not

6

separate from their parent corporation when it comes to contracting. See Reis, 667 F.Supp. 2d at 496.

Plaintiff alternatively argues that even if Provco is the same party as Villanova, Provco's managerial representatives went beyond the scope of their agency in recommending that Villanova fire Plaintiff because firing was a duty typically decided upon and carried out by the restaurant manager. Even assuming that it was Villanova's common practice to leave decisions about hiring and firing to the restaurant manager, this does not change the fact that it was certainly within the managerial scope of board members to make employment decisions concerning the restaurant which they partially owned. See Nix v. Temple Univ., 596 A.2d 1132, 1137 (Pa. Super. 1991) (holding that administrative officers of a university were acting in their official capacity where they fired plaintiff on behalf of the university; thus a tortious interference claim could not be brought against them); Rutherford, 612 A.2d at 508 (holding that hospital agents responsible for firing the plaintiff acted within the scope of their agency). Thus, Provco's representatives did not elevate Provco to the status of third party by recommending that Plaintiff be fired, as this conduct was within their managerial capacity.

Plaintiff alleges no facts which demonstrate that he can make out a case of tortious interference because in Pennsylvania the claim may only be brought against a defendant who interferes with a contract between a plaintiff and a third party. Villanova is not a third party to its corporate agent Provco; thus Plaintiff's tortious interference claim against Provco fails. Additionally, Plaintiff is not without other remedies as he can and has brought a breach of contract claim against Villanova. Therefore, the Court grants the Motion for Summary Judgment by Defendants, Provco Ventures I, LP and Provco LLC as to Count II alleging tortious negligence.  Provco Ventures I and Provco LLC are no longer parties to this ongoing action as Plaintiff's only claim against them is Count II.